**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
Adrian R. Bacon, Esq. (SBN: 280332)
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAM SOHN,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, NATIONAL ASSOCIATION ,**<br><br>Defendant. | **Case No.:** 5:14-cv-02913-HRL<br><br>JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F)<br><br>HON. HOWARD R. LLOYD<br><br>DATE: NOVEMBER 18, 2014<br>TIME: 1:30 P.M.<br>DEPT: COURTROOM 2 |

Plaintiff SAM SOHN ("Plaintiff") and Defendant WELLS FARGO BANK, N.A., sued herein as WELLS FARGO BANK NATIONAL ASSOCIATION ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

**1.   JURISDICTION AND SERVICE**

Defendant was served on or about July 3, 2014, and filed its Answer on August 4, 2014. The parties agree that his Court has original jurisdiction pursuant

to 28 U.S.C. § 1331 because this case arises out of alleged violations of federal law. However, Defendant asserts that primary jurisdiction over at least some of the substantive issues at stake in this proceeding rests with the FCC—the agency charged by Congress to implement and interpret the TCPA in the first instance. Defendant does not contest venue and admits that it is subject to personal jurisdiction in this district.

## 2. FACTUAL STATEMENT OF THE CASE

**Plaintiff**: Plaintiff is informed and believes, and thereon alleges, that beginning in or around 2009, Defendant (formerly Wachovia Corporation, DBA Wachovia Mortgage FSB, later acquired by, and now a division of, Defendant) began contacting Plaintiff on her telephone numbers ending in 9320, 8991, 4929, and 1158, via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), in an attempt to collect an alleged debt on her mortgage. Plaintiff disputes that the debt was owed, and alleges that she has repeatedly informed Defendant that the amount in question is showing delinquent due to an accounting error on its part. Plaintiff further alleges that Defendant called Plaintiff multiple times a day, at several different phone numbers, using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

Plaintiff alleges that on September 30, 2010, she faxed a correspondence to Defendant, identifying her full name, her telephone number, and her account information with Defendant and stating that she revoked any and all consent to be contacted on her telephone via an automatic telephone dialing system and/or an artificial voice but that Defendant continued to contact Plaintiff on her telephones via an automatic dialing system, placing hundreds, if not thousands of phone calls to Plaintiff between the date of transmission of her correspondence revoking consent, and the filing of the instant action.

Defendant: Defendant alleges that it had Plaintiff's prior express consent to place the alleged phone calls and disputes that consent was revoked. It also disputes the number of calls to Plaintiff during the relevant timeframe. Defendant also disputes Plaintiff's assertion that she does not owe Defendant a debt.

3. LEGAL ISSUES

Plaintiff: Plaintiff asserts that no triable issues of material fact exist with regard to Defendant's violation of the TCPA, as Plaintiff clearly revoked consent to be contacted by Defendant as of September 30, 2010, and the calls placed to Plaintiff's phone were made using an ATDS with a prerecorded voice. Plaintiff acknowledges that there is a dispute as to whether such calls were placed "willfully" or "negligently," pursuant to 47 U.S.C. § 227(b)(3)(B).

Defendant: Defendant disputes that it has any liability under the Rosenthal Act or Telephone Consumer Protection Act. Defendant disputes that Plaintiff revoked her consent to place the alleged phone calls. Defendant disputes that it is liable for any alleged calls that were placed by a third party. Defendant disputes that Plaintiff was injured in any manner as a result of Defendant's alleged debt collection activities.

4. MOTIONS

Plaintiff: For reasons discussed in more detail below, Plaintiff anticipates that the need may arise for her to file a motion for leave to amend, to add the Wachovia entities as parties. Plaintiff shall meet and confer with Defendant, in an attempt to avoid unnecessary motion practice, should such a need arise.

Defendant: Defendant anticipates filing a motion for summary judgment as to some or all of the foregoing issues. Defendant may also move to bifurcate issues of liability and damages at trial.

5. AMENDMENT OF PLEADINGS

Plaintiff is informed and believes that there are multiple corporate entities, subsumed by Defendant's alleged acquisition of Wachovia, which were separately responsible for placing the phone calls to Plaintiff's phones regarding her mortgage account. The parties have met and conferred extensively on this issue, and discussed whether amendment of the pleadings to add these additional entities is necessary and warranted.

Defendant has informed Plaintiff that, should the parties enter into early mediation, or settlement negotiations, Defendant is prepared to negotiate a global settlement, including as to Wachovia, so as to avoid the cost, expense, and paperwork associated with an amendment to the pleadings. While the parties have been actively meeting and conferring and cooperatively working together on all issues thus far, Plaintiff anticipates that it may become necessary at some point to file an amended complaint and add these currently-non-named Wachovia entities as parties to the action. In order to facilitate all attempts to resolve this matter amicably, the parties jointly request that the deadline for amending the pleadings be liberally set for March 18, 2015.

6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and understand their obligations to preserve evidence relevant to the issues reasonably evident in this action.

7. INITIAL DISCLOSURES

**Plaintiff:** Plaintiff will produce on this date, her initial disclosures, pursuant to the Court's Order and F.R.C.P. 26, including the following documents, which support her claims:

1. Copies of correspondence between Plaintiff and Defendant, including Plaintiff's correspondence revoking consent to be contacted.
2. Plaintiff's documented records of call logs, placed to Plaintiff's phone by Defendant.
3. All other documents in Plaintiff's possession, custody, or control regarding the facts alleged in Plaintiff's Complaint.

**Defendant:** Defendant will produce its Initial Disclosure Statement concurrently with the filing of this Joint Statement.

8. DISCOVERY PLAN

Plaintiff will be seeking the following categories of documents in discovery. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendant maintains their data:

1. Documentation regarding the alleged autodialer campaign conducted by Defendant, with regard to Plaintiff's account;
2. Documentation regarding Defendant's outbound dial list to Plaintiff's phone numbers generated by any predictive dialer or ATDS; and,
3. Documentation regarding the usage of Defendant's ATDS; and
4. All communications or other documents in Defendant's possession, custody or control, relating to Plaintiff's account with Defendant, and/or the Wachovia entities.

Defendant has requested that Plaintiff produce phone records evidencing the number of calls placed to Plaintiff by Defendant. Plaintiff is currently not in possession of such records and will need to subpoena the records from her carriers. Plaintiff is currently gathering records and preparing subpoenas, to be

served on her phone carriers over the past five years. Efforts are ongoing.

Defendant will also seek from Plaintiff records of third-party communications, including other collection calls Plaintiff may have received during the relevant time frame, and may subpoena third-party records of communications with Plaintiff and her mother, at a minimum. Defendant will also seek documents supporting Plaintiff's alleged actual damages, if any.

Additionally, Defendant anticipates serving written discovery requests including interrogatories and requests for admission, as well as deposing witnesses including, at a minimum, Plaintiff and her mother.

The parties are continuing their ongoing investigation of this matter, and reserves the right to conduct different or additional discovery, including designation of experts, upon the discovery of new information or upon the introduction of new issues in the case.

With regard to proposed dates and deadlines relating to discovery, including expert witness disclosures and expert discovery, the parties have, for the Court's convenience, included a table of proposed deadlines in the sections below.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.

The parties do not intend to enter into a stipulated e-discover order at this time. The parties do not anticipate any discovery disputes at this time.

8. CLASS ACTIONS

This is an individual case, and is not brought as a class action. The parties do not anticipate that Plaintiff will amend the pleadings to bring class allegations.

9. RELATED MATTERS

At this time, the parties are unaware of any other actions which might relate to the present matter.

10. DAMAGES

Plaintiff: Plaintiff prays for the following:
1. an award of statutory damages of $500.00, pursuant to 47 U.S.C. § 227(b)(1), for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
2. an award of statutory damages of $1,500.00, pursuant to 47 U.S.C. § 227(b)(1), for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
3. injunctive relief prohibiting such conduct in the future;
4. any and all other relief that this Court deems just and proper.

Defendant: Defendants requests that this Court award Defendant the costs of this action and reasonable attorney's fees pursuant to Cal. Civ. Code §§ 1788.173 and 1788.30(c).

11. SETTLEMENT

The parties have discussed early private mediation in this matter, following a brief informal discovery period. The parties request private mediation pursuant to the Local Rules.

12. MAGISTRATE CONSENT

The parties have not mutually agreed to consent to proceeding before a magistrate judge. Defendant consents to the appointment of Magistrate Howard R. Lloyd for all purposes.

## 13. INDEPENDENT EXPERT OR MASTER

The parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. The parties further agree that this case is not suitable for reference to binding arbitration, or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING OF ISSUES

The parties anticipate that the issues of whether Defendant utilized an ATDS, and whether Plaintiff's September 30, 2010 correspondence was valid revocation may be determined by motion, stipulation or agreement. However, Plaintiff does not believe that bifurcation or phasing is necessary or prudent.

## 15. EXPEDITED TRIAL PROCEDURE

The parties do not agree that this case can be handled under the Expedited Trial Procedure of General Order No. 64.

## 16. SCHEDULING

The parties propose the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

| | |
|---|---|
| Fact Discovery Cut-off and Initial Designation of Experts | July 3, 2015 |
| Last Day to Serve Initial Expert Reports | August 3, 2015 |
| Last Day to Serve Rebuttal Expert Reports | August 24, 2015 |
| Expert Discovery Cut-Off | September 25, 2015 |
| Deadline to File Dispositive Motions | October 27, 2015 |

| Last Day for Hearing Dispositive Motions | December 1, 2015 |
|---|---|
| Pretrial Conference | January 19, 2016 |
| Trial (Est. days) | February 22, 2016 – 2-3 Days, Jury Trial Requested |

17. TRIAL

The parties estimate at least a 2-3 day jury trial with at least three witnesses to be called by each party. The parties' witness lists will most likely grow after individuals are identified during the course of discovery. Plaintiff will be represented by Todd M. Friedman at trial. Defendant will be represented by Eric J. Troutman and Austin B. Kenney at trial.

18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff:** Plaintiff has yet to file a notice of interested entities, but knows of no such persons or entities with any such interest in Plaintiff's claims.

**Defendant:** Defendant filed a Certification of Interested Entities pursuant to Civil L.R. 3-16 on July 14, 2014.

19. PROFESSIONAL CONDUCT

The parties have met and conferred regarding the Guidelines for Professional Conduct for the Northern District of California. The parties' counsel of record have been working together cooperatively, professionally and cordially without issue thus far, and do not anticipate that to change in any way.

20. OTHER ISSUES

None

Dated: November 11, 2014          **Law Offices of Todd M. Friedman, P.C.**

                                  By: /s/ Adrian R. Bacon____
                                       Todd M. Friedman, Esq.
                                       Adrian R. Bacon, Esq.
                                       Attorneys for Plaintiff


Dated: November 11, 2014          **Severson & Werson, PC**

                                  By: /s/ Austin B. Kenney____
                                       Eric J. Troutman, Esq.
                                       Austin B. Kenney, Esq.
                                       Attorneys for Defendant


Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Austin Kenney, counsel for Defendant and that I have obtained Mr. Kenney's authorization to affix his electronic signature to this document.

Dated: November 11, 2014          **Law Offices of Todd M. Friedman, P.C.**

                                  By: /s/ Adrian R. Bacon____
                                       Todd M. Friedman, Esq.
                                       Adrian R. Bacon, Esq.
                                       Attorneys for Plaintiff

Filed electronically on this 11th day of November 2014, with:

United States District Court CM/ECF system

And hereby served upon all parties

Notification sent on this 11th day of November 2014, via the ECF system to:

ERIC J. TROUTMAN
ejt@severson.com
AUSTIN B. KENNEY
abk@severson.com
SEVERSON & WERSON
A Professional Corporation


By: s/Adrian R. Bacon
    Adrian R. Bacon